# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID MARTIN PRICE,                             )
                                                )
                              Plaintiff,         )
v.                                              )
                                                ) No. 09-2198-CV-FJG
HON. JUDGE KATHRYN H. VRATIL, in her            )
Official Capacity as Chief Judge for the        )
United States District Court for the District   )
of Kansas, and UNITED STATES DISTRICT           )
COURT FOR THE DISTRICT OF KANSAS,               )
                                                )
                              Defendants.        )


# ORDER

Pending before the Court is Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. No. 3). Together with plaintiff's motion is plaintiff's Affidavit of Financial Status (Doc. No. 4). Also pending before the Court is Plaintiff's Motion for Reconsideration of the Minute Order of Recusal and Re-Assignment Given on the 8th Day of May 2009 (Doc. No. 8).

**I.   Plaintiff's Motion for Reconsideration of the Minute Order of Recusal (Doc. No. 8)**

Plaintiff moves for reconsideration of the Minute Order of Recusal and Reassignment (Doc. No. 5, entered on May 8, 2009). Plaintiff indicates that he "called the 10th Circuit Clerk and was advised that the District Court for the District of Kansas, cannot reassign the case to the 8th Circuit Court of the Western District of Missouri." Doc. No. 8, ¶ 1. Plaintiff indicates that, "by changing jurisdiction, the jurisdiction and venue is now improper, and this was done to cover up their bad faith acts." Id. ¶ 2. Plaintiff states his belief that there are other states within the 10th Circuit that could handle this matter. Id. ¶ 3. Plaintiff further indicates that this Order "was signed by a deputy clerk, not a magistrate, nor Supreme Court, as law requires. Whereby, this order is null and void on its face, and

should not be allowed." Id. ¶ 4.

The Court finds that plaintiff's motion for reconsideration (Doc. No. 8) should be **DENIED.** The Court first notes that the jurisdiction over this matter has not changed; although the current judge normally sits in the United States District Court for the Western District of Missouri, this judge has been designated to hear cases in the United States District Court for the District of Kansas when the need arises. The current matter is one of those instances. Jurisdiction has not been transferred to the Western District of Missouri; instead, jurisdiction remains in the District of Kansas. Further, an order reassigning a case need not be signed by a district judge; instead, as the Clerk's office routinely handles assignment of cases, the reassignment order in this matter (Doc. No. 5) was properly entered. See Local Rule 40.1 (providing that a judge may return a case to the clerk for reassignment).

## II. Application for Leave to File Action without Payment of Fees (Doc. No. 3)

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit, and the Court determines that the lawsuit is not frivolous or malicious.

A review of plaintiff's affidavit reveals that he is sufficiently impoverished to qualify under § 1915. However, the Court's inquiry does not end with a finding of sufficient impoverishment. Instead, the Court "shall dismiss" cases filed in forma pauperis "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### A. Plaintiff's Allegations

In the present matter, plaintiff has named as defendants Judge Kathryn H. Vratil (in

her official capacity only) and the United States District Court for the District of Kansas.[1] Plaintiff generally states that he is petitioning for injunctive relief under the 1st and 6th Amendments to the United States Constitution.  See Doc. No. 1, p. 2.  Plaintiff alleges that he is the victim of ongoing wrongful acts by state actors, and that the United States District Court for the District of Kansas is jointly participating in the wrongful acts.  Doc. No. 1, Statement of Facts ("SOF"), ¶ 1.

These purportedly wrongful acts include: (1) preventing plaintiff from preparing documents for litigants, even though plaintiff is not an attorney (Doc. No. 1, SOF ¶ 3); (2) attempting to unlawfully take plaintiff's second child "in a corrupt scheme to obtain federal funds, as well as, violate federal and state laws in terminating parental rights to Kansas children" (Doc. No. 1, SOF ¶ 5); (3) extorting Kansas licensed attorneys with disbarment and retaliating against process servers, witnesses, and civil rights actors (Doc. No. 1, SOF ¶¶ 8, 15-16); (4) disbarring Bret D. Landrith for representation of plaintiff and others (Doc. No. 1, SOF ¶ 9, 21-24); (5) preventing Donna Hoffman from taking the Kansas bar exam (Doc. No. 1, SOF ¶ 10); (6) preventing Frank Kirtdoll from obtaining justice in a civil case (Doc. No. 1, SOF ¶¶ 11-12); (6) retaliating against Janice Lynn King for serving process in plaintiff's various litigations (Doc. No. 1, SOF ¶¶ 13-14); (7) causing plaintiff's other attorney, Craig Collins, to be compromised and deprive plaintiff of fair representation (Doc. No. 1, SOF ¶17, 19); (8) causing plaintiff to be charged wrongfully in Shawnee County for a traffic violation (Doc. No. 1, SOF ¶ 18); (9) causing plaintiff's associate Mark Hunt to be retaliated against for his association with plaintiff (Doc. No. 1, SOF ¶ 25); (10) causing plaintiff's associate Melvin Johnson to be retaliated against for his association with plaintiff (Doc. No. 1, SOF ¶ 26); (11) causing plaintiff's wife Rosemary Denise Price to be retaliated against for her testimony in Melvin Johnson's case (Doc. No. 1, SOF ¶ 27); (12) causing

---

[1]Although plaintiff claims his rights have been violated by various state actors, he does not name any state actors as defendants in this lawsuit.

process servers to threaten to kill plaintiff's family pet (Doc. No. 1, SOF ¶ 28); (13) causing plaintiff's wife to be unable to collect all the income due to her from her United States Postal Service federal benefit (Doc. No. 1, SOF ¶ 29); (14) causing unspecified harm to plaintiff's daughter (Doc. No. 1, SOF ¶ 30); (15) causing certain of plaintiff's state court cases in Jackson County and Shawnee County to be harmed because of plaintiff's unauthorized practice of law (Doc. No. 1, SOF ¶¶ 31-32); (16) violating plaintiff's due process rights in unspecified ways (Doc. No. 1, SOF ¶ 33); (17) instructing law clerks in the state of Kansas judicial branches to dismiss any pleading or case plaintiff attempts to file (Doc. No. 1, SOF ¶ 34); (18) allowing the former Kansas Attorney General to libel plaintiff (Doc. No. 1, SOF ¶ 35); and (19) sanctioning plaintiff in various actions removed to the District of Kansas[2], which plaintiff alleges would not have happened if he had an attorney (Doc. No. 1, SOF ¶ 36).

Plaintiff requests that this court (1) restrain Judge Kathryn H. Vratil from "preventing the Plaintiff from being represented by an uncompromised experienced civil rights attorney" (Doc. No. 1, p. 10, ¶ 1); (2) enjoin Judge Vratil "from being an instrument of the State of Kansas Officials corruption by enforcing under the color of state law, any prohibition against Bret Landrith representing the Plaintiff in Federal District Court in this matter, and thereby restore the color of law to this federal jurisdiction" (Doc. No. 1, p. 11, ¶ 7); (3) enjoin the United States District Court for the District of Kansas from giving instructions "to the law clerks of the federal trial or appeals courts to dismiss any and all claims or pleadings filed by the Plaintiff, in violation of equal protection under the color of law" (Doc. No. 1, p. 11, ¶ 8); (4) enjoin Judge Vratil and the United States District Court for the District of Kansas

---

[2]Plaintiff was required to pay attorneys fees and costs for improper, frivolous removals in Case Nos. 04-CV-4044-SAC (Doc. No. 6, entered on June 10, 2004); 06-CV-4082-JAR-KGS (Doc. No. 18, entered on September 26, 2006, and Doc. No. 25, entered on December 7, 2006); and 06-CV-4121-JAR-KGS (Doc. No. 7, entered on December 7, 2006, and Doc. No. 13, entered on January 3, 2007). All of these orders were affirmed on appeal.

from violating plaintiff's due process rights in any more cases in which plaintiff is a party (Doc. No. 1, p. 11, ¶ 9); (5) enjoin Judge Vratil and the United States District Court of the District of Kansas from denying plaintiff "the constitutional right to redress his grievances on Baby C, as well as, the UPL [unauthorized practice of law] case on both of the removals, so that the constitutional questions of law will take precedence over all other matters"[3] ((Doc. No. 1, p. 11, ¶ 10); and (6) enjoin Judge Vratil "from being an instrument of the State of Kansas Officials and U.S. District Court for the District of Kansas, State of Kansas officials, actors, agents, subcontracted agents, et al., and not sanction or place the chill effect upon the Plaintiff for redress of his grievances by continuing to prevent his attorney from representing him or practicing law in Kansas District Court" (Doc. No. 1, p. 12, ¶ 11).

Plaintiff also appears to suggest that class treatment of his claims would be appropriate, as the state is harming Kansas families, parents, and children. See Doc. No. 1, p. 10, ¶ 3. However, plaintiff appears to recognize that he, as a pro se person, cannot represent the interests of a class, and does not appear to actually be seeking class treatment in this action. See id. ¶ 4.

B.    Analysis

After a review of plaintiff's proposed complaint, it is clear that plaintiff's case is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, plaintiff does not have standing to assert many of his claims; the claims of purported judicial wrongdoing aimed at Bret D. Landrith, Donna Hoffman, Frank Kirtdoll, Janice Lynn King, Craig Collins, Mark Hunt, Melvin Johnson, Rosemary Denise Price, and plaintiff's children have no place in a lawsuit in which the only plaintiff is David Martin Price. Plaintiff's claims must be based on a violation of plaintiff's personal rights, and not the rights of someone else. See Dohaish v. Tooley, 670 F.2d 934, 936 (10th Cir.

---

[3]Plaintiff is apparently referring to the frivolously removed cases described in footnote 2, above.

1982); <u>Archuleta v. McShan</u>, 897 F.2d 495, 497 (10th Cir. 1990).  Further, plaintiff correctly recognizes that he cannot represent the interests of a class.  These claims are frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).

Additionally, many of plaintiff's "claims" are conclusory allegations made without pleading any supporting facts at all.  Plaintiff's petition (Doc. No. 1) does not explain how Judge Vratil or the United States District Court for the District of Kansas are (or could be) responsible for (1) the finding that plaintiff was engaging in the unauthorized practice of law (Doc. No. 1, SOF ¶3)[4]; (2) a conspiracy to harm plaintiff's daughter or unlawfully take her from plaintiff (Doc. No. 1, SOF ¶¶ 5 and 30); (3) causing process servers to threaten to kill plaintiff's family pet (Doc. No. 1, SOF ¶ 28); (4) causing plaintiff to be charged with a traffic violation in Shawnee County (Doc. No. 1, SOF ¶ 18); and (5) allowing the former Kansas Attorney General to libel plaintiff (Doc. No. 1, SOF ¶ 35).  Even though liberal pleading standards are afforded to pro se plaintiffs, <u>see</u> <u>Andrews v. Heaton</u>, 483 F.3d 1070, 1076 (10th Cir. 2007), plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  This plaintiff has not done; instead plaintiff's allegations are mere speculation.  <u>See</u> <u>id.</u> at 555.  These claims are frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).

The remainder of plaintiff's claims appear to be allegations that Judge Vratil and the United States District Court for the District of Kansas made improper official adjudicative acts.  Plaintiff's remaining allegations are that defendants: (1) caused certain of his cases to be harmed because of plaintiff's unauthorized practice of law (Doc. No. 1, SOF ¶¶ 31-32); (2) violated plaintiff's due process rights in unspecified ways (Doc. No. 1, SOF ¶ 33); (3) instructed law clerks in the state of Kansas judicial branches to dismiss any pleading

---

[4]Instead, this Court takes judicial notice that the Supreme Court of Kansas entered a permanent injunction as to plaintiff Price, enjoining him from engaging in the unauthorized practice of law.  <u>State ex re. Morrison v. Price</u>, 172 P.3d 561, 566 (Kan. 2007).

or case plaintiff attempts to file (Doc. No. 1, SOF ¶ 34); and (4) sanctioned plaintiff in various actions removed to the District of Kansas (Doc. No. 1, SOF ¶ 36).[5]

To the extent that plaintiff's claims are for official adjudicative acts, plaintiff's claims against Judge Vratil and the United States District Court for the District of Kansas are barred by judicial immunity.  It is an established principle that a judicial officer is generally immune from suit for money damages.   Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Roemer v. Crow, 993 F.Supp. 834, 836 (D.Kan.1998).  There are only two exceptions to this rule. First, a judge may be held liable for nonjudicial actions, Mireles, 502 U.S. at 11;  and second, a judge may be held liable for actions taken "in the complete absence of jurisdiction." Id. at 12.  Additionally, "judicial immunity is not overcome by allegations of bad faith or malice."  Id. at 11. Disagreeing with a judge's actions does not justify depriving that judge of his or her immunity. Stump v. Sparkman, 435 U.S. 349, 363 (1978).  It is apparent from a review of plaintiff's complaints that plaintiff merely disagrees with rulings made by Judge Vratil (and, apparently, other judges).[6]  These claims fall within the heartland of claims to which judicial immunity applies.

Further, to the extent that plaintiff may be seeking equitable relief from Judge Vratil and the District Court in the form of an injunction or a declaratory judgment, the Court notes that equitable relief is available only in the absence of adequate remedies at law.  Switzer v. Coan, 261 F.3d 985, 991 (10th Cir. 2001).  As the District Court's rulings in the previous cases could have been challenged on appeal or through an extraordinary writ, the type of equitable relief plaintiff may be seeking in the present matter is unavailable as a matter of

---

[5]These allegations (relating to SOF ¶¶ 31-34 and 36) also fail to state a claim upon which relief can be granted as they do not state facts sufficient to state a claim that is plausible on its face.  See Twombly, 550 U.S. at 570.

[6]Notably, Judge Vratil does not appear to have handled any of the seven cases that plaintiff has previously filed or removed to this Court.

law.  Id.  It appears that plaintiff is also seeking that this Court direct that Judge Vratil and the United States District Court for the District of Kansas pre-judge cases that have not yet been filed, and find that plaintiff has stated valid claims whether or not he actually has done so.  See Doc. No. 1, p. 10-12, ¶¶ 1, 7, 8, 9, 10, and 11.  This Court cannot grant plaintiff such relief; instead, each case filed by plaintiff will be judged on its merits (or lack thereof) at the time of its filing.  Thus, all of plaintiff's claims are frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).

Therefore, for the foregoing reasons, plaintiff's Application for Leave to File Action without Payment of Fees (Doc. No. 3) is **DENIED.**

## III.  Conclusion

Accordingly, it is hereby **ORDERED** that:

1.  Plaintiff's Motion for Reconsideration of the Minute Order of Recusal (Doc. No. 8) is **DENIED**;

2.  Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 3) is **DENIED**; and

3.  This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  This dismissal is without prejudice to the filing of a paid complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

David Martin Price
3121 SE Fremont St.
Topeka, KS 66605

**IT IS SO ORDERED.**

Date:  5/21/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

8